# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MICHAEL S. MYERS, BAR NO. 1494
AND JEFFREY R. GOMEL, BAR NO.
3096.

No. 74690

FILED

JUL 26 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER APPROVING JOINT CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorneys Michael S. Myers and Jeffrey R. Gomel. Under the agreement, Myers and Gomel admitted to violating RPC 1.15 (safekeeping property) and RPC 5.3 (responsibilities regarding nonlawyer assistants). Myers and Gomel agreed to a one-year stayed suspension subject to certain probationary conditions, including the payment of restitution.

Myers and Gomel have admitted to the facts and violations alleged in the complaint. The record therefore establishes that they failed to properly supervise a nonlawyer assistant, who improperly transferred more than $1 million from their trust account in an effort "to cover claimed firm costs." Neither Myers nor Gomel were aware of the nonlawyer assistant's activities. In fact, at the time Gomel resided in Montana and commuted to Las Vegas only once a month. Within fifteen minutes of discovering the nonlawyer assistant's improper trust fund transfers, Myers and Gomel self-reported to the State Bar. They also immediately hired a forensic accountant to do an external audit and began placing at least 10% of their earned fees in a separate account maintained by the accountant to address the trust account shortfall. They have cooperated fully with the

18-28793

State Bar and returned funds to the trust account, leaving a deficit of $507,941.53 as of the date of the panel's recommendation. Thus, the record establishes that they violated RPC 1.15 (safekeeping property) and RPC 5.3 (responsibilities regarding nonlawyer assistants).

As Myers and Gomel admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Myers and Gomel have admitted that they violated their duty to preserve client property. They also agreed that they caused potential harm to their clients and actual and potential harm to the legal profession and the legal system. The baseline sanction before considering aggravating and mitigating circumstances is either a reprimand or a suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."); Standard 4.13 ("Reprimand is generally appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client."). The record supports, and the State Bar, Myers, and Gomel agreed that there are three aggravating circumstances (pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and six mitigating circumstances (absence

SUPREME COURT
OF
NEVADA

(O) 1947A

2

of a prior disciplinary record, absence of a dishonest or selfish motive, timely good faith effort to make restitution or rectify consequences of misconduct, full and free disclosure to disciplinary authority or cooperative attitude, character and reputation, and remorse) that apply for both attorneys and an additional mitigating circumstance (delay in disciplinary proceedings) that applies for Gomel. Regardless of the possible mental state of negligence, based on the amount of money involved, the potential or actual harm to clients and the profession, and the aggravating circumstances, we conclude that the agreed-upon one-year stayed suspension is appropriate.

Accordingly, we hereby suspend attorneys Michael S. Myers and Jeffrey R. Gomel from the practice of law in Nevada for a period of one year commencing from the date of this order. The suspension is stayed subject to the conditions outlined in the conditional guilty plea agreement. Myers and Gomel shall pay the actual costs of the disciplinary proceeding, in addition to $2,500 under SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

cc: Chair, Southern Nevada Disciplinary Board
Lipson Neilson Cole Seltzer & Garin, P.C.
Myers & Gomel, P.C.
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court